EUGENE R. WEDOFF
## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF
### DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RIEGER, KEVIN G | § | Case No. 13-28903 |
| | § | |
| Debtor(s) | § | |

# TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter   of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on           .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

   5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6. The deadline for filing non-governmental claims in this case was             and the deadline for filing governmental claims was             . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7. The Trustee's proposed distribution is attached as **Exhibit D**.

   8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $         . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

   The trustee has received $       as interim compensation and now requests a sum of $       , for a total compensation of $       [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $       , and now requests reimbursement for expenses of $       , for total expenses of $       [2].

   Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____   By:/s/PHILIP V. MARTINO_____
                                        Trustee



**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

6/1/2016

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 13-28903 | ERW | Judge: EUGENE R. WEDOFF | | Trustee Name: | PHILIP V. MARTINO |
| Case Name: | RIEGER, KEVIN G | | | | Date Filed (f) or Converted (c): | 07/19/13 (f) |
| | | | | | 341(a) Meeting Date: | 09/04/13 |
| For Period Ending: | 03/07/14 | | | | Claims Bar Date: | 12/11/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH ON HAND | 3,000.00 | 1,100.00 | | 1,100.00 | 0.00 |
| 2. TCF BANK CHECKING ACCOUNT | 1,600.00 | 0.00 | | 0.00 | FA |
| 3. CHASE BANK CHECKING ACCOUNT | 400.00 | 0.00 | | 0.00 | FA |
| 4. BED AND OLD COUCH | 350.00 | 0.00 | | 0.00 | FA |
| 5. USED CLOTHING | 350.00 | 0.00 | | 0.00 | FA |
| 6. WALTHER 9MM | 600.00 | 0.00 | | 0.00 | FA |
| 7. 401K- JPMORGAN CHASE | 1,500.00 | 0.00 | | 0.00 | FA |
| 8. IRA- MIDLAND | 17,800.00 | 0.00 | | 0.00 | FA |
| 9. IRA AMERICAN | 11,000.00 | 0.00 | | 0.00 | FA |
| 10. 2009 MINI COOPER S | 11,000.00 | 7,600.00 | | 7,600.00 | FA |
| 11. VOID (u) | Unknown | 0.00 | | 0.00 | FA |

TOTALS (Excluding Unknown Values)    $47,600.00    $8,700.00    $8,700.00    Gross Value of Remaining Assets $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 07/01/14     Current Projected Date of Final Report (TFR): 07/01/14

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1
Exhibit B

| Case No: | 13-28903 ERW | Trustee Name: | PHILIP V. MARTINO |
| Case Name: | RIEGER, KEVIN G | Bank Name: | Associated Bank |
| | | Account Number / CD #: | *******9879 Checking Account |
| Taxpayer ID No: | *******2305 | | |
| For Period Ending: | 03/07/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | 0.00 |
| 02/14/14 | | Trsf In From Congressional Bank | INITIAL WIRE TRANSFER IN | 8,680.00 | | 8,680.00 |
| | | | COLUMN TOTALS | 8,680.00 | 0.00 | 8,680.00 |
| | | | Less: Bank Transfers/CD's | 8,680.00 | 0.00 | |
| | | | Subtotal | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | 0.00 | |
| | | | Net | 0.00 | 0.00 | |

Page Subtotals     8,680.00     0.00

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 13-28903 ERW | | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|
| Case Name: | RIEGER, KEVIN G | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******0101 Congressional Bank Checking Account |
| Taxpayer ID No: | *******2305 | | | |
| For Period Ending: | 03/07/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | 0.00 |
| 10/15/13 | 10 | James Rieger | Payment for Cooper | 7,600.00 | | 7,600.00 |
| 11/05/13 | | Congressional Bank | Bank Charges | | 10.00 | 7,590.00 |
| 12/05/13 | | Congressional Bank | Bank Charges | | 10.00 | 7,580.00 |
| 02/06/14 | 1 | Kevin Rieger | Bank Account Balance | 1,100.00 | | 8,680.00 |
| 02/14/14 | | Trsf To Associated Bank | FINAL TRANSFER | | 8,680.00 | 0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 8,700.00 | 8,700.00 | 0.00 |
| Less: Bank Transfers/CD's | 0.00 | 8,680.00 | |
| Subtotal | 8,700.00 | 20.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 8,700.00 | 20.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********9879 | 0.00 | 0.00 | 8,680.00 |
| Congressional Bank Checking Account - ********0101 | 8,700.00 | 20.00 | 0.00 |
| | ---------------- | ---------------- | ---------------- |
| | 8,700.00 | 20.00 | 8,680.00 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     8,700.00     8,700.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: March 07, 2014 |
|---|---|---|---|---|---|---|

Case Number:  13-28903  
Debtor Name:  RIEGER, KEVIN G

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Quarles & Brady LLP | Administrative | | $1,866.80 | $0.00 | $1,866.80 |
| 000001<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $7,514.99 | $0.00 | $7,514.99 |
| 000002<br>070<br>7100-00 | Bakal Dermatology Assoc<br>c/o Certified Services Inc<br>PO Box 177<br>Waukegan, IL 60079 | Unsecured | | $305.57 | $0.00 | $305.57 |
| | Case Totals: | | | $9,687.36 | $0.00 | $9,687.36 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-28903
Case Name: RIEGER, KEVIN G
Trustee Name: PHILIP V. MARTINO

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: PHILIP V. MARTINO | $ | $ | $ |
| Attorney for Trustee Fees: Quarles & Brady LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Quarles & Brady LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be     percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Bakal Dermatology Assoc | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE